**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Dennis Lander, | ) | No. CV-06-0867-PHX-FJM |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Life Insurance Company of North America, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The court has before it plaintiff's motion to remand (doc. 10), defendant's response and motion for leave to amend notice of removal (doc. 12), and plaintiff's reply (doc. 13).

Plaintiff brought this action in state court alleging that defendant, Life Insurance Company of North America, wrongfully terminated his long-term disability benefits based on its conclusion that he was not disabled. Complaint at 2-3. Plaintiff seeks all past and future benefits under the policy, interest, and attorney's fees. Id. at 3-4. In addition to contract damages, plaintiff seeks an award of compensatory and punitive damages based on defendant's bad faith. Defendant removed this case on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Plaintiff now moves to remand to state court, claiming that defendant has failed to establish that the amount in controversy exceeds $75,000.

An action is removable only if it could have been filed in the district court originally. 28 U.S.C. § 1441(a). The defendant has the burden of proving by a preponderance of the

1   evidence that at the time of removal the amount in controversy exceeded $75,000. <u>Sanchez
2   v. Monumental Life Ins. Co.</u>, 102 F.3d 398, 403-04 (9th Cir. 1996). This showing can be
3   made through the allegations in the complaint or by presentation of summary judgment-type
4   evidence. <u>Matheson v. Progressive Specialty Ins. Co.</u>, 319 F.3d 1089, 1090 (9th Cir. 2003).
5   The petition for removal must state with specificity the facts that support the jurisdictional
6   amount. <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 567 (9th Cir. 1992). "Federal jurisdiction must
7   be rejected if there is any doubt as to the right of removal in the first instance." <u>Id</u>. at 566.

8     Defendant's original notice of removal stated only that "[t]he amount of controversy
9   exceeds the sum or value of $75,000." <u>Notice of Removal</u> at 2. Conclusory allegations such
10  as these are insufficient to support the defendant's burden. <u>Gaus</u>, 980 F.2d at 567. In the
11  complaint, plaintiff claims past due benefits in the amount of $36,000. <u>Complaint</u> at 3.
12  Although there is also a generic claim for "future damages," any future damages in this case
13  cannot be considered in calculating the jurisdictional amount. Future benefits can be
14  included in the jurisdictional amount only when the validity of the underlying contract is at
15  issue, as opposed to the extent of the coverage. <u>Albino v. Standard Ins. Co.</u>, 349 F. Supp. 2d
16  1334, 1339 (C.D. Cal. 2004) (citing <u>New York Life Ins. Co. v. Kaufman</u>, 78 F.2d 398, 401
17  (9th Cir. 1935)). Here, the validity of the underlying insurance policy is not at issue.
18  Instead, the allegations in the complaint relate solely to defendant's refusal to pay benefits
19  based on its determination that plaintiff is not disabled.

20    It is generally held that an insurer's refusal to pay disability benefits based on the
21  conclusion that the insured is not disabled under the terms of the policy does not constitute
22  a repudiation of the policy. <u>See</u> <u>Mobley v. New York Life Ins. Co.</u>, 295 U.S. 632, 638, 55
23  S. Ct. 876, 878 (1935) ( holding that the "[m]ere refusal, . . . upon an erroneous construction
24  of the disability clause, to pay a monthly benefit when due is sufficient to constitute a breach
25  of that provision, but it does not amount to a renunciation or repudiation of the policy").

26    Accordingly, the measure of recovery, and therefore the amount in controversy, is
27  only the aggregate value of past benefits at the time the action was commenced, which in this
28  case is $36,000. <u>See</u> <u>Commercial Cas. Ins. v. Folwes</u>, 154 F.2d 884, 886 (9th Cir. 1946).

1    The parties agree that attorney's fees at the time of removal are appropriately included
2 in the jurisdictional amount. Defendant alleges this amount is "at least $5,000," Amended
3 Notice of Removal at 3, while plaintiff asserts the amount is $3,180. Reply at 1. In any
4 event, the amount of fees, under either view, does not help to reach the jurisdictional amount.
5    Although the complaint also contains a claim for punitive damages, defendant
6 concludes that "this is not a punitive damages case," and does not include these damages in
7 the jurisdictional amount calculation. Response at 6.
8    The only other relief sought is compensatory damages based on defendant's alleged
9 bad faith. Defendant does not attempt to quantify these damages, but instead asks us to
10 permit limited discovery relevant to the jurisdictional amount. While it has been "suggested
11 that it may be appropriate to allow discovery relevant to jurisdictional amount prior to
12 remanding," Abrego Abrego v. Dow Chemical Co., 443 F.3d 676, 691 (9th Cir. 2006), it is
13 clear that "such discovery is not required." Id. (emphasis in original). Here, defendant fails
14 to offer any evidence or even an estimate of the value of the bad faith claim, either in its
15 original or proposed amended notice of removal. Because defendant fails to establish any
16 basis for jurisdiction, we deny its request to conduct discovery.
17    We conclude that, given the strong presumption against removal and the fact that
18 defendant has failed to assert any evidence that the jurisdictional amount is satisfied, this case
19 is not properly before us.
20    Therefore, **IT IS ORDERED GRANTING** plaintiff's motion to remand (doc. 10),
21 and **GRANTING** defendant's motion for leave to amend (doc. 12). This action is remanded
22 to the Superior Court of Arizona in Maricopa County.
23    DATED this 31st day of May, 2006.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge